## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| A. B., a minor child, by and through her Parent and Legal Guardian, SHERRI BLAIK, <br><br> Plaintiff, <br><br> v. <br><br> HEALTH CARE SERVICE CORPORATION, dba BLUE CROSS BLUE SHIELD OF OKLAHOMA, <br><br> Defendant. | Case No: CIV-14-990-D <br><br><br> **JURY TRIAL DEMANDED** <br> **ATTORNEY LIEN CLAIMED** |

## COMPLAINT

COMES NOW the Plaintiff, A. B., a minor child, by and through her Parent and Legal Guardian, Sherri Blaik, and for her cause of action against the Defendant alleges and states:

1. Plaintiff, A. B., and Sherri Blaik are both residents of Oklahoma City, Oklahoma, Oklahoma County, State of Oklahoma. A. B., is a six year old girl and Sherri Blaik is her mother.

2. Health Care Service Corporation (Blue Cross Blue Shield) is an Illinois corporation, with its principal place of business in Illinois, which does business in the State of Oklahoma as Blue Cross Blue Shield of Oklahoma.

3. At all times material hereto, Plaintiff was insured under a Blue Cross Blue Shield health insurance policy that was purchased by her parents specifically for A. B., at the time of her birth.

4. The subject insurance policy was sold, issued, delivered and renewed in Oklahoma City, Oklahoma.

## BREACH OF THE IMPLIED COVENANT OF
## GOOD FAITH AND FAIR DEALING

5. A. B. has congenital conditions that involve a neurological condition diagnosed in April, 2010 which requires intense therapy, including physical, occupational, speech and Applied Behavior Analysis (ABA) therapy to permit a more normal life. A. B. has received needed medical services principally beginning when she was about one year old and continues to receive those medical services to date. Throughout this time, Blue Cross Blue Shield has repeatedly delayed, refused, denied, and otherwise mishandled A. B.'s health insurance claims and intentionally interfered with her ability to obtain benefits for appropriate medical care.

6. Plaintiff's parents submitted claims to the Defendant for the policy benefits of A. B.'s health policy and otherwise complied with all conditions precedent to recover under the policy.

7. Defendant repeatedly breached the insurance contract by delaying, failing and refusing to properly and promptly approve and pay policy benefits to Plaintiff.

8. Defendant further breached the implied covenant of good faith and fair dealing in the handling of Plaintiff's claims, and as a matter of routine claim practice in handling similar claims, by:

    a.    failing and refusing payment and other policy benefits on behalf of A. B. at a time when Defendant knew that she was entitled to those benefits;

b.  failing to properly investigate A. B.'s claims and to obtain additional information both in connection with the original refusals and following the receipt of additional information;

c.  withholding payment of the benefits on behalf of A. B. knowing that her claims for those benefits were valid;

d.  refusing to honor Plaintiffs' claims in some instances for reasons contrary to the express provisions of the policy and/or Oklahoma law;

e.  refusing to honor A. B.'s claims in some instances by applying restrictions not contained in the policy;

f.  refusing to honor A. B.'s claims in some instances by knowingly misconstruing and misapplying provisions of the policy;

g.  failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, to include A. B.'s claims;

h.  not attempting in good faith to effectuate a prompt, fair and equitable settlement of A. B.'s claims once liability had become reasonably clear;

i.  forcing A. B., pursuant to its standard claims practice, to retain counsel in order to secure benefits Defendant knew were payable;

j.  failing to properly evaluate any investigation that was performed;

k.  knowingly construing the policy wording to restrict coverage in a manner different than the Defendant knows this policy is designed, written and marketed to promise much broader coverage under this policy language;

l.  refusing to consider coverage for payment objectively in the best interest of their insured rather than the interest of only the insurance company;

m.  intentionally failing and refusing to follow the known law of policy construction, including, but not limited to, resolving any contractual ambiguities in favor of their insured;

n.  imposing conditions and requirements for coverage more restrictive than the requirements of the policy;

o.  unreasonably delaying the payment of policy benefits, including delays and refusals to pay with the specific intent that it interfere with and prevent

3

        necessary medical care for A. B. in order to reduce the applicable policy benefits that would otherwise be payable for such care; and,

    p.    attempting to force a lessened level of care for A. B. in order to minimize the policy benefits payable under her policy;

all in violation of the covenant of good faith and fair dealing and resulting in financial benefit to the Defendant.

9. As a direct result of Defendant's breach of contract and breach of the implied covenant of good faith and fair dealing, A. B. has suffered the loss of policy benefits, loss of further appropriate medical care and the policy benefit applicable to such needed care, physical, emotional and developmental injury, emotional distress, embarrassment, frustration, duress, and other consequential damages.

10. Defendant's acts and omissions in violation of the implied covenant of good faith and fair dealing were in reckless disregard for the rights of others and/or were done intentionally and with malice and therefore Plaintiff is entitled to recover punitive damages.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant, Health Care Service Corporation, dba Blue Cross Blue Shield, for her damages, both compensatory damages and punitive damages, with interest and costs of this action, for a reasonable attorney fee, and for such other relief as may be appropriate. The amount sought as damages in in excess of the amount required for diversity jurisdiction pursuant to §1332 of Title 28 of the United States Code.

**MANSELL ENGEL & COLE**

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**

By: s/Mark A. Engel
Steven S. Mansell, OBA #10584
Mark A. Engel, OBA #10796
Kenneth G. Cole, OBA #11792
101 Park Avenue, Suite 665
Oklahoma City, Oklahoma   73102
T: (405) 232-4100    F:  (405) 232-4140
Email:  mansell-engel@coxinet.net

**ATTORNEYS FOR PLAINTIFF**