# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| A.B., a minor child by and through her Parent and Legal Guardian, SHERRI BLAIK, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-14-990-D |
| HEALTH CARE SERVICE CORPORATION, d/b/a BLUE CROSS BLUE SHIELD OF OKLAHOMA, | ) ) ) ) ) ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Blue Cross Blue Shield's ("Defendant") Motion to Dismiss for Failure to Exhaust Non-Judicial Remedies or Alternatively, to Stay Litigation Pending Such Exhaustion [Doc. No. 20]. Plaintiff A.B., by and through her parent and legal guardian, Sheri Blaik ("Plaintiff") has filed her response in opposition [Doc. No. 23]. The matter has been fully briefed and is at issue.

### I. NATURE OF THE DISPUTE

Plaintiff is a minor child who has a neurological condition that requires intense therapy, including physical, occupational, speech and Applied Behavior Analysis

(ABA) therapy.[1] Plaintiff began to receive such medical services when she was about one year old and continues to receive such treatment. In 2008, at the time of her birth, Plaintiff's parents bought a child's major medical health insurance policy ("the Policy") issued by Defendant. At the back of the Policy is a section titled, "Complaint/Appeal Procedure." This section outlines a procedure to review a policyholder's "dissatisfaction, complaints, and/or appeals." The procedure consisted of two levels of review. If a customer was not satisfied with their initial attempt to resolve their problem (direct communication with a customer representative), "Level I" required the customer to submit a written request to Defendant's appeal coordinator located in Tulsa, OK. The request was to contain certain subscriber information deemed relevant to the appeal.

Upon review, Defendant's administration staff would consider the merits of the appeal no later than 60 days after receipt. If the claim went unresolved at the Level I stage, the policy granted the policyholder the right to submit their dispute for "Level II reconsideration," which also required the submission of a written request. Upon receipt, Defendant's "Member Participation and Protection Committee" would

---

[1] The facts are taken from the parties' submissions, including affidavits and the Policy at issue. In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. *Henderson v. Thomas*, 891 F. Supp. 2d 1296, 1309 (M.D. Ala. 2012) (citing *Bryant v. Rich*, 530 F.3d 1368, 1374 (11th Cir. 2008)).

review the claim "to protect [the enrollee's] rights and to provide a mechanism to review and resolve issues which are not resolved to [the enrollee's] satisfaction through the Level I appeal process." Written notice of the committee's decision would be provided in 60 days, barring an extension.[2] The Policy stated policyholders "must exhaust the Level I and Level II appeal processes before pursuing other legal remedies."

From the time Plaintiff's parents began submitting them up to February 2014, Defendant paid benefits under the policy for Plaintiff's speech therapy bills. However, Defendant began denying coverage for speech therapy benefits on the grounds they were not covered under the Policy. Plaintiff's mother repeatedly called Defendant's representatives regarding the denials and was informed that the benefits would be paid; however, Defendant continued to issue denials. Plaintiff's mother continued to call Defendant's representatives, but the matter went, and remains, unresolved.

On September 15, 2014, Plaintiff filed the instant lawsuit, alleging Defendant breached the implied covenant of good faith and fair dealing by repeatedly delaying,

---

[2]The policy also provided for a "Level III" stage of review, which granted the right to external review by an independent review organization pursuant to the Oklahoma Managed Care External Review Act. That statute, however, was repealed in 2011.

3

refusing, denying, and otherwise mishandling Plaintiff's health insurance claims and intentionally interfering with her ability to obtain benefits for appropriate medical care. Plaintiff seeks compensatory and punitive damages. After filing an initial answer, Defendant filed an Amended Answer on January 23, 2015 to include the affirmative defense of exhaustion[3] and on April 10, 2015, it filed the instant motion. Defendant seeks dismissal of Plaintiff's Complaint, or alternatively, a stay of these proceedings, on the basis that Plaintiff failed to exhaust the appeals process provided either under the Policy or Oklahoma's Managed Health Care Reform and Accountability Act, codified at 36 OKLA. STAT. §§ 6591 *et seq.* (hereinafter "MHCA" or the "Act"). Plaintiff contends Defendant's motion should be denied, since (1) she is not bringing a cause of action under the Act, (2) exhaustion would be futile because no coverage issue exists regarding her medical expenses, (3) Defendant was dilatory in seeking the requested relief, and (4) exhaustion would be inadequate because Defendant cannot award her adequate relief in the form of compensatory and punitive damages.

---

[3] A judicially created exhaustion doctrine is often considered an affirmative defense, rather than a jurisdictional prerequisite. *Forest Guardians v. U.S. Forest Service*, 641 F.3d 423, 431 (10th Cir. 2011).

## II. STANDARD OF DECISION

A motion to dismiss for failure to exhaust non-judicial remedies is treated as an "unenumerated" motion under Rule 12(b). *Albino v. Baca*, 697 F.3d 1023, 1029 (9th Cir. 2012) (citing *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003)); *Gould v. Donald*, No. 4:08–CV–155 (CDL), 2009 WL 1606520, at *3 (M.D. Ga. June 8, 2009). In deciding such a motion, the Court accepts as true all well-pled allegations, *Anjelino v. New York Times Co.*, 200 F.3d 73, 88 (3d Cir. 1999), and, as stated above, may look beyond the pleadings and decide disputed issues of fact. *Henderson*, 891 F. Supp. 2d at 1309; *see also Ontiveros v. Los Angeles County*, 611 F. Supp. 2d 1090, 1095 (C.D. Cal. 2009). If the district court concludes the plaintiff has not exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice. *Wyatt*, 315 F.3d at 1120.

## III. DISCUSSION

For purposes of this discussion, there are no disputes of material fact. Instead, the Court is tasked with determining whether Plaintiff has exhausted her non-judicial remedies. Even if she has not exhausted her remedies, the Court must consider whether equity favors an excusal of the exhaustion requirements under the circumstances.

### A. Exhaustion Under the MHCA

The MHCA is a statutory mechanism set up to resolve disputes between patients and managed care entities, which typically arise when such organizations deny coverage for medical treatment, services, or equipment the patient believes to be medically necessary. It generally states that health insurance carriers, health maintenance organizations (HMOs), or other managed care entities have the duty to exercise ordinary care when making health care treatment decisions and shall be liable for damages for harm to an enrollee proximately caused by the breach of that duty. 36 OKLA. STAT. § 6593(A). "Enrollee" is defined as "an individual who is enrolled in a health care plan." *Id*. § 6592(1).

Prior to bringing any action under its provisions, the Act requires an aggrieved party to (1) exhaust any appeal and review process applicable under the utilization review requirements of the plan, (2) exhaust all applicable remedies specified in the Oklahoma Managed Care External Review Act (now repealed), and (3) provide written notice of the claim to the health insurance carrier, HMO, or managed care entity against whom the action will be brought at least thirty (30) days before the action is filed. *Id*. § 6594.

The Court finds exhaustion under the Act is not required, as Plaintiff does not bring an action under its provisions. "[S]tatutes are to be interpreted in accordance

6

with their plain, ordinary meaning according to the import of the language used." *Hubbard v. Kaiser-Francis Oil Co.*, 2011 OK 50, ¶ 8, 256 P.3d 69, 72 (citing *In re Certification of Question of State Law*, 1977 OK 16, 560 P.2d 195). "When the language of the statute is plain, it will be followed without further inquiry." *Oklahoma City Zoological Trust v. State ex rel. Public Employees Relations Bd.*, 2007 OK 21, ¶ 6, 158 P.3d 461, 464.

Here, the Act's remedial procedure clearly applies to actions brought for alleged violations *of the statute*. *See* 36 OKLA. STAT. § 6594(A) ("A person may not maintain a cause of action *under this act* . . ." (emphasis added); *Walker v. Group Health Services, Inc.*, 2001 OK 2, ¶ 11, 37 P.3d 749, 755 ("*[W]here the Managed Health Care Act applies*, HMOs may be sued once the enrollee has exhausted appeal and review processes available under the insurer's plan and those provided by the Oklahoma Managed Care External Review Act.") (emphasis added). Nowhere in the Act's provisions does it either state or indicate that it intended to serve as the exclusive remedy for breach of contract/bad faith insurance actions, and there is no evidence that the legislature intended the statute to preempt such common law claims. The Court cannot read into a statute a provision that does not exist. *Okla. City Zoological Trust*, 158 P.3d at 464 ("It is for [this court] to ascertain [the meaning of these words]—neither to add nor to subtract, neither to delete nor to distort.")

(quoting *62 Cases, More or Less, Each Containing Six Jars of Jam v. U.S.*, 340 U.S. 593, 596, 71 S.Ct. 515, 95 L.Ed. 566 (1951) (paraphrasing in original)). Accordingly, the Court finds the Act's exhaustion requirements have no applicability to the facts and circumstances of the instant case and Defendant's motion is denied on that ground.

### B.     *Exhaustion Under Defendant's Internal Review Process*

As stated, the Policy provides Plaintiff "must exhaust the Level I and Level II appeal processes before pursuing other legal remedies." In view of this provision, exhaustion appears mandatory. Indeed, public policy favors exhaustion because it promotes judicial economy by encouraging settlement and filtering out frivolous claims, promotes consistent treatment of claims, non-adversarial dispute resolution, and decreases the cost and time of settlement. *White v. Keychoice Welfare Ben. Plan*, 827 F.Supp. 690, 698 (D. Wyo. 1993). However, where exhaustion is not statutorily imposed, courts apply the requirement as a matter of judicial discretion and will excuse exhaustion under limited circumstances, such as if resort to non-judicial remedies would be futile or the remedy provided is inadequate. *McGraw v. Prudential Ins. Co. of America*, 137 F.3d 1253, 1264 (10th Cir. 1998); *Massengale v. Bd. of*

*Examiners in Optometry*, 30 F.3d 1325, 1328 (10th Cir. 1994).[4]

A court may also bypass the exhaustion requirement using equitable doctrines such as waiver, estoppel, and tolling. *Million v. Frank*, 47 F.3d 385, 389 (10th Cir.1995)(exhaustion requirement that is not a jurisdictional prerequisite "is a condition precedent to suit that functions like a statute of limitations and is subject to waiver, estoppel, and equitable tolling"); *Hoover v. West*, 93 F. App'x 177, 182 (10th Cir. Feb. 19, 2004) (unpublished) (noting "non-jurisdictional prerequisites to suit in federal court are typically subject to equitable estoppel," but declining to address whether equitable estoppel applied since plaintiff failed to make threshold showing) (citation omitted).

Taking Plaintiff's allegations as true, Plaintiff's mother called Defendant on multiple occasions to settle the dispute. On each occasion, she was informed that the denial of her speech therapy claims were being processed, calculated and would be paid. However, the claims never were paid, which led to another round of calling,

---

[4]Futility exists where resort to such remedies is "clearly useless." *McGraw*, 137 at 1264 (citation omitted). A plaintiff must show that the claim would be denied on appeal, and not merely just that she doubts that an appeal will result in a different decision. *Lane v. Sunoco, Inc. (R & M)*, 260 F. App'x 64, 66 (10th Cir. 2008) (unpublished); *Lindemann v. Mobil Oil Corp.*, 79 F.3d 647, 650 (7th Cir.1996). The fact that a dispute exists over the plaintiff's entitlement to the subject benefits does not, in itself, establish futility. *Fortelney v. Liberty Life Assur. Co. of Boston*, 790 F. Supp. 2d 1322, 1358 (W.D. Okla. 2011).

reassurances, and ultimate non-payment. Defendant waited nearly a year into this litigation to move for dismissal on exhaustion grounds, during which time it actively participated in the litigation and conducted discovery. Moreover, Defendant waited until nearly the close of discovery to move for dismissal. Therefore, at this juncture, the Court finds it would be highly prejudicial to require Plaintiff to dismiss her claims based solely on a procedural technicality that Defendant should have raised at the very beginning of this case. Given that Defendant has offered no legitimate justification for this delay, the Court finds this circumstance serves as support for waiving the exhaustion requirement.

The Court has carefully considered all of the parties' arguments. To the extent any issue was not specifically addressed above, it is either moot or without merit. Under the particular circumstances of this case, the Court finds equity warrants an excusal of the exhaustion requirements. Plaintiff has diligently pursued her claims and Defendant waited for nearly a year to move for dismissal under an exhaustion theory. For these reasons, Defendant's Motion to Dismiss is denied.

### IV. CONCLUSION

For the reasons stated, Defendant's Motion to Dismiss for Failure to Exhaust Non-Judicial Remedies, or Alternatively, to Stay Litigation Pending Such Exhaustion [Doc. No. 20] is **DENIED**. Pursuant to this Court's Order of September 21, 2015

[Doc. No. 32], the parties are directed to move for the entry of a new scheduling order within fourteen (14) days of this Order.

**IT IS SO ORDERED** this 20th day of October, 2015.

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE